Rockingham, }
March 2, 1937. }

ELMER E. WEST *v.* ROLAND R. CHENEY.

428

*Batchelder & Wheeler,* for the plaintiff.

*George R. Scammon,* for the defendant, furnished no brief.

BRANCH, J. The evidence of the custom of the men in the defendant's mill to assist one another whenever an opportunity was presented, was clearly admissible. *Minot* v. *Railroad,* 73 N. H. 317, 320; *Haywood* v. *Railroad,* 79 N. H. 520.

There was evidence to sustain the conclusion that the plaintiff was injured while endeavoring to cope with a situation caused by "a defect or insufficiency" in the condition of the defendant's machinery by a method known to and sanctioned by him. If in so doing he acted within the scope of his employment and was not shown to be guilty of contributory negligence, his right to recover under the statute would be clear. P. L., c. 178, ss. 2, 3. These two issues were properly submitted to the jury. The evidence of the custom prevailing in the defendant's mill above referred to, justified a finding in favor of the plaintiff upon the first issue. The burden of proof upon the second issue rested upon the defendant and the evidence of the way in which the accident happened did not compel the conclusion that the plaintiff was at fault. The motions for a nonsuit and a directed verdict were properly denied.

There was evidence that on the day of the accident the defendant was sawing logs belonging to one Page and that Page hired and paid Robie, the man whose duty it was "to get the logs from the pond" by the use of the windlass. The defendant requested the court to charge the jury as follows: "If you find that this apparatus was not under the control of the defendant then your verdict must be for the defendant regardless of its condition." Upon the evidence, no such finding could have been made and, therefore, the request, if based upon a correct theory of the law, was properly denied.

*Judgment on the verdict.*

All concurred.